

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

June 5, 1939

Honorable K. R. Thornton, Jr.
Chairman of Appropriations Committee
House of Representatives
Austin, Texas

Dear Sir:

Opinion No. O-893
Re: (1) Authority of Childress
County to grant to State
Parks Board land on which
County Court House is located
for the purpose of erecting
statue thereon.
(2) Authority of Legislature
to appropriate to State Parks
Board money for purpose of
erecting statue on said prop-
erty.

By your letter of June 1, 1939, you ask the opin-
ion of this department on the following questions:

"1. Can the County of Childress grant
to the State Parks Board a portion
of land on which the County Court
House is now located for the pur-
pose of erecting a statue of George
Childress thereon?

"2. Could the Legislature then make an
appropriation to the State Parks
Board for the purpose of purchasing
and erecting such statue on said
property?"

We will first answer your second question. Arti-
cle XVI, Section 39, of the Constitution of the State of
Texas, provides as follows:

"The Legislature may, from time to time,
make appropriations for preserving and per-

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

petuating memorials of the history of Texas,
by means of monuments, statues, paintings,
and documents of historical value."

By virtue of this constitutional provision,
your second question must be answered in the affirmative.

Answering your first question, you are advised
that the commissioners' Court of Childress County holds
this county property in trust, and may dispose of it only
in the manner required by law, and for purposes in keeping
with the trust they represent. Llano County vs. Knowles,
29 S.W. 549. We find no authority conferred upon the Com-
missioners' Courts of counties in the State of Texas to
make donations to the State for any purpose.

Furthermore, it may be that Childress County ac-
quired the site upon which its court house is erected by
donation from some private individual or corporation, with
the condition attached that such property should be used
for court house purposes. If this property was acquired
with such a condition attached, the conveyance of the pro-
perty to the State Parks Board would probably operate to
revest the title in the donor, thereby depriving both the
county and the State of any interest therein.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By(s) Richard W. Fairchild
Assistant

RWF:FC
RWF:JRS

APPROVED:

(s) Gerald C. Mann

ATTORNEY GENERAL OF TEXAS

Approved
Opinion Committee
By H. Q. B. Chairman